## P. W. RIGGS v. W. GRAY ET AL.

Decided January 21, 1903.

**1.—Jurisdiction—Amount in Controversy—Pleading.**

Where the amount of damages for which defendant to a distraint for rent sought judgment by cross-action was limited to an aggregate of less than one thousand dollars, his claim was within the jurisdiction of the county court, though the statement of the items claimed might be construed as alleging different items which, added, would make more than that sum.

**2.—Distress Warrant—Removal of Property.**

Where a distress warrant was procured upon affidavit that defendant was about to remove his property from the rented premises, and the tenant, between the making of the affidavit and the service of the writ, without consent of the landlord, carried away and sold a bale of cotton raised on the premises, devoting the proceeds to paying his cotton pickers and to his personal benefit, the warrant could not be held to have been wrongfully issued and levied, nor that question submitted to the jury.

**3.—Damages—Evidence.**

Damages for depriving a tenant of the use of water or of the use of a building, to which he claimed a right under his lease, and which the landlord had denied him, could not be left to the jury in the absence of evidence as to the value of their use.

**4.—Landlord and Tenant—Repairs.**

The landlord is not liable to the tenant for the cost of repairs upon a building for his subtenant in the absence of an agreement to compensate him therefor, though made necessary by the landlord's breach of contract to permit his subtenant to occupy another building than the one repaired.

**5.—Landlord and Tenant—Distress—Satisfaction.**

The seizure under a distress warrant of a tenant's personal property operates as a satisfaction of the landlord's claim to the extent of the value of the property so seized.

**6.—Same.**

The landlord is liable for property seized under a distress warrant, though converted by others, if it was done with his consent.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Sleeper & Kendall,* for appellant.

*J. B. Scarborough* and *J. F. Kimball,* for appellees.

FISHER, CHIEF JUSTICE.—We can not agree with appellant in his construction of the averments of appellees' cross-answer, as contended for in his first assignment of error. The amount sued for in the answer is less than $1000, and therefore within the jurisdiction of the county court.

In disposing of this appeal it is unnecessary for us to discuss each of the assignments of errors, for in reversing we will so indicate our views that upon another trial the questions presented will not be likely to again arise.

As one of the grounds for the distress warrant, the affidavit states that the defendant Gray is about to remove his property from the rented premises. This is one of the grounds upon which the statute authorizes the issuance of the warrant. The facts beyond dispute, which are clearly established by the appellees' own testimony, establish a breach of this provision of the law.

We agree with the trial court that carrying cotton to the gin for the purpose of being baled and then returning it to the premises, thereby subjecting it to the control of the landlord, and the mere use by the tenant of a reasonable amount of feed produced upon the premises for the purpose of feeding the stock used in producing the crop, would not be such a removal or appropriation of the products produced upon the rented premises as would justify the issuance and levy of a distress warrant. But the removal of cotton and the sale of the same, the proceeds of which was appropriated and used by the tenant, in part for his individual purposes and in part for paying off hands who assisted in picking the cotton, and such appropriation being without the consent of the landlord, would be a wrongful and unauthorized removal within the meaning of the law. At the time that the affidavit for the distress warrant was made, the appellee Gray had not removed any of the cotton from the rented premises, but on the day following, and before the levy of the distress warrant, he did remove one bale of cotton from the premises, conveyed it to market and there sold it, the proceeds of which were in part applied to the payment of cotton pickers, and in part appropriated and used by Gray for his individual purposes and uses. This fact is admitted by Gray in his testimony. And this evidence clearly establishes the fact that at the time that the affidavit was sued out he was about to remove his property from the rented premises, and that at the time of the levy of the distress warrant he had in fact so removed it and appropriated it. In our opinion, this fact clearly authorized the issuance and levy of the distress warrant, and it removed from the cause all elements of a wrongful and malicious suing out and levy of the warrant. Therefore, upon another trial, the court should not submit to the jury any question as to whether the distress warrant was wrongfully or maliciously issued and levied.

But we think the facts pleaded and stated in appellees' cross-action or plea in reconvention leave in the case the issues as to whether or not he had sustained any damages by reason of the breach of the rental contract with appellant, and as to whether or not the appellant was guilty of conversion of the corn to the value claimed in his answer, and whether the appellee Gray should be entitled to a credit upon the judgment obtained by appellant to the extent of the value of the corn after it was seized by the officer in executing the distress warrant. We will indicate our views as to these several items, so that they may be properly disposed of by the trial court upon another trial.

The evidence found in the record does not justify a judgment for any sum in Gray's favor for the loss of the use of the water and improvements

situated upon the premises, which he claims he was entitled to under the contract with appellant. While it is true that there is evidence tending to show that he was deprived of the use of the water, there is no evidence in the record showing the amount of damages, if any, he sustained by reason of the breach of contract in this respect. The trial court and the jury could not know as a matter of common knowledge what this water was worth, or what amount of damages the defendant has sustained by being deprived of its use.

The defendant's answer also contains this averment: "That defendant rented from plaintiff one certain house for a tenant to live in; that after going upon the rented premises and taking possession thereof, the plaintiff refused to permit the defendant's tenant to occupy said house, and defendant was forced to buy material and provide another place for said tenant, at a cost of $25, to defendant's damage in that sum."

There is some evidence upon this point, but it is not sufficient to authorize the defendant to recover. If the evidence would warrant the conclusion that the appellant was to furnish Gray with a tenant house, there is no evidence showing the amount of damages, if any, he sustained by reason of the breach of the contract in this respect, if there was such a contract. The value of the repairs made by Gray upon the house occupied by permission of the appellant can not be recovered, for there is no evidence in the record indicating a promise, either express or implied, upon the part of appellant that he would reimburse Gray for the amount expended in repairing the house. In the absence of such an agreement, the landlord would not be responsible for the amount expended by the tenant in repairing the premises.

The answer of the defendant Gray contains an allegation to the effect that the appellant converted 200 bushels of corn that Gray was entitled to, of the value of $175. There is evidence tending to show that the corn was seized by the officer in executing the distress warrant, and was delivered to the appellant, and which was used and consumed by him and other parties. If this is true, there are two grounds upon which appellee Gray would be entitled to recover the value of the corn in question:

If the fact should be established that the officer by virtue of the distress warrant, actually levied upon and seized the corn belonging to appellee Gray, the appellant would be responsible for its value, whether he did or did not use or appropriate any part of the corn after its seizure. This upon the ground that a levy and seizure of personal property by the officer by virtue of the writ, operates as a satisfaction of the plaintiff's demand to the extent of the value of the property actually seized by the officer. This question is fully discussed in the case of Taylor v. Felder, 5 Texas Civ. App., 417.

Independent of the view mentioned, the plaintiff would also be responsible if he was a party to the appropriation and conversion of the corn after appellee Gray was deprived of the possession of the same.

There is an averment in the answer raising this issue, and there is some evidence which tends to support it.

The appellant is correct in the point urged in the fourteenth and fifteenth assignments of error. Having held that the distress warrant was not wrongfully sued out, the appellant will be entitled to judgment for costs.

Judgment reversed and cause remanded.

*Reversed and remanded.*